**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN HARTFELDER,<br><br>                Plaintiff,<br><br>      v.<br><br>NEW JERSEY STATE POLICE, et al.,<br><br>                Defendants. | Civil Action No. 16-5461 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendants New Jersey State Police ("NJSP"), NJSP Colonel Joseph R. Fuentes ("Colonel Fuentes"), NJSP Trooper Geoffrey L. Clark ("Trooper Clark"), NJSP Trooper W.H. Cox ("Trooper Cox"), NJSP Trooper A.A. Parker ("Trooper Parker"), and NJSP Sergeant S.J. Bara's ("Sergeant Bara") (collectively, "State Defendants") motion to dismiss Plaintiff Dawn Hartfelder's ("Plaintiff") Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), or, in the alternative, State Defendants demand a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 4-1.) Plaintiff filed opposition (ECF No. 5), and State Defendants did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, State Defendants' motion to dismiss is granted in part and denied in part.

I.  **Background**[1]

This case arises from a traffic stop of Plaintiff conducted by Trooper Clark and Trooper Cox on September 23, 2014. (Am. Compl. ¶ 14, ECF No. 3.) Plaintiff alleges that Trooper Clark broke "[P]laintiff's driver side window with a collapsible baton" and forcibly removed Plaintiff from the vehicle while Trooper Cox "participated in the arrest and did nothing to prevent [Trooper] Clark's extreme and outrageous conduct[.]" (*Id.* ¶ 15.) Plaintiff further alleges that she was denied medical attention after broken glass from the shattered window cut her hands during the arrest. (*Id.* ¶ 16.) Following the arrest, Plaintiff was taken to the State Police Barracks in Washington, New Jersey, where she was confined until she was transported to Hunterdon County Jail in Flemington, New Jersey. (*Id.* ¶ 18.) While in custody, Plaintiff alleges that she was "stripped naked under the pretense of a 'strip search' which was in actuality a calculated attempt to demean, degrade, humiliate, and terrify [her]." (*Id.*) Plaintiff also alleges that she was "needlessly processed" and "dressed in an orange 'prison jumpsuit[,]' only to be released within minutes after." (*Id.* ¶ 19.) Thereafter, Plaintiff contends that the Hunterdon County Prosecutor's Office "remanded" the charges against her to municipal court.[2] (*Id.* ¶ 21.)

Plaintiff subsequently filed a two-count Amended Complaint against State Defendants. (*Id.* ¶¶ 31-38.) In Count One, Plaintiff alleges that State Defendants violated her rights under the Fourth and Eleventh Amendments of the Constitution by: (1) inflicting personal injury upon Plaintiff by

---

[1] For the purpose of this motion, the Court accepts the facts alleged in the Amended Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (stating that on a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief"). The allegations included in this section are taken directly from Plaintiff's Amended Complaint.

[2] Plaintiff does not allege the specific charges that resulted from the traffic stop. (*See* Am. Compl. ¶ 21.)

means of improper and excessive force; and (2) conspiring to deprive Plaintiff of her civil rights. (*Id.* ¶¶ 31-34.) In Count Two, Plaintiff brings state constitutional claims under the New Jersey Civil Rights Act ("NJCRA"), alleging that State Defendants violated her civil rights pursuant to N.J.S.A. 10:6-1. (*Id.* ¶¶ 35-37.) These claims are based on the same factual allegations as Plaintiff's federal constitutional claims. Plaintiff seeks compensatory damages, punitive damages, cost of suit, attorneys' fees, and other relief as the Court may deem just and equitable. (*Id.* at Prayer for Relief ¶¶ 1-5.)

## II. Legal Standard

### A. Standard of Dismissal under Rule 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted). When ruling on a Rule 12(b)(1) motion, the Court first determines whether the motion is a facial or factual attack against the pleadings. *Harris v. Kellogg Brown & Root Servs.*, 724 F.3d 458, 464 (3d Cir. 2013); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (finding that a motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings"). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891.

3

### B. Standard of Dismissal under Rule 12(b)(6)

On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). A district court is to conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* The court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

## III. Discussion[3]

### A. Federal Constitutional Claims Against Trooper Clark and Trooper Cox in their individual capacities

Plaintiff brings federal constitutional claims against Trooper Clark and Trooper Cox in their individual capacities, pursuant to 42 U.S.C. § 1983. (Am. Compl. ¶¶ 31-34.) Section 1983 "provides a remedy for the violation of rights created by federal law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution[,] . . . and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). In her Amended Complaint, Plaintiff alleges violations of her Fourth and Eleventh Amendment rights.[4] (Am Compl. ¶¶ 31-34.)

#### 1. Civil Conspiracy to Interfere with Civil Rights

To state a plausible claim for civil conspiracy, a plaintiff must allege that "persons acting under color of state law conspired to deprive [her] of a federally protected right." *Perano v. Twp. of Tilden*, 423 F. App'x 234, 239 (3d Cir. 2011) (quoting *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999)). A Section 1983 civil conspiracy claim requires a plaintiff to allege:

---

[3] State Defendants argue that the Amended Complaint should be dismissed because "Plaintiff failed to file a [n]otice of [a] [t]ort [c]laim as required by the Tort Claims Act ('TCA')." (Defs.' Moving Br. 22-23, ECF No. 4-1.) Failure to file notice of tort claim bars recovery against public entities or public employees. *Velez v. City of Jersey City*, 180 N.J. 284, 291 (2004). Here, Plaintiff alleges constitutional violations under Counts One and Two and does not bring common law state tort claims. (Am. Compl. ¶¶ 31-38.) The Court, therefore, need not reach this issue here as the TCA does not apply to the claims alleged by Plaintiff.

[4] Under Count One of the Amended Complaint, Plaintiff alleges that State Defendants violated her Eleventh Amendment rights. (Am. Compl. ¶ 32.) The Eleventh Amendment, however, protects the rights of the states, not the rights of citizens. U.S. Const. amend. XI. Accordingly, the Court considers the Eleventh Amendment claim to have been submitted in error.

> [A] combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principle element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage.

*Adams v. Teamsters Local 115*, 214 F. App'x 167, 172 (3d Cir. 2007) (internal quotation omitted). A plaintiff, therefore, "must allege with sufficient particularity that the [defendants] reached some understanding or agreement, or plotted, planned and conspired together, to deprive plaintiff of a federal right." *Hauptmann v. Wilentz*, 570 F. Supp. 351, 375 (D.N.J. 1983) (citing *Chicarelii v. Plymouth Garden Apartments*, 551 F. Supp. 532, 539 (E.D. Pa. 1982)); *see also Twombly*, 550 U.S. at 556 (ruling that a complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement"). A plaintiff must assert factual allegations with sufficient particularity because a "bare claim of conspiracy is insufficient to state a claim in a civil rights complaint." *Burke v. MacArthur*, No. 15-6093, 2015 WL 5970725, at *7 (D.N.J. Oct. 13, 2015).

Here, Plaintiff alleges that State Defendants "individually and in concert participated and conspired with one another (under the color of law) to deprive [P]laintiff of her civil rights by exercising improper and excessive force against her." (Am. Compl. ¶ 33.) To support her conspiracy claim, Plaintiff further alleges that State Defendants required her to "strip[] naked under the pretense of a 'strip search,'" and "dress[] in an orange 'prison jumpsuit[,]' only to be released minutes after." (*Id.* ¶¶ 18-19.) Plaintiff, however, fails to allege with sufficient particularity that State Defendants reached some understanding or agreement to deprive Plaintiff

of her civil rights. The Court, therefore, finds that Plaintiff fails to state a plausible cause of action for conspiracy.

    2.    Excessive Force

Excessive force claims that arise out of "an arrest, investigatory stop, or other 'seizure' . . . are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 386 (1989). Therefore, any of Plaintiff's claims based on the alleged forcible removal from her vehicle will be analyzed under this standard, as "the Fourth Amendment provides an explicit textual source of constitutional protection against . . . physically intrusive governmental conduct[.]" *Id.* at 395. This requires a fact specific inquiry that, considering the totality of the circumstances, balances the nature and quality of the individual deprivation against the countervailing government interests. *Id.* at 396. It is an objective standard that considers an officer's conduct "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight[,]" taking into account that "officers are often forced to make split-second judgments." *Id.* at 396-97. Although there are various circumstances officers face in effectuating arrests, "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, [still must] not be violated." U.S. Const. amend. IV.

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir. 1999). In the Amended Complaint, Plaintiff alleges that her Fourth Amendment rights were violated when Trooper Clark and Trooper Cox exercised excessive physical force against Plaintiff during a traffic stop. (Am. Compl. ¶¶ 14-15, 33.) Plaintiff alleges that Trooper Clark broke Plaintiff's driver side window with a collapsible baton and forcibly removed Plaintiff from her vehicle. (*Id.* ¶ 15.) Additionally, Plaintiff alleges that Trooper

7

Cox "participated in the arrest and did nothing to prevent [Trooper] Clark's extreme and outrageous conduct." (*Id.*) Plaintiff also contends that her "hands were cut by the broken glass sometime during the arrest but the officers did nothing to provide [her with] aid." (*Id.* ¶ 16.) Viewing the facts in the light most favorable to Plaintiff, the Court concludes that the Amended Complaint alleges sufficient facts to demonstrate that Trooper Clark and Trooper Cox used excessive force in effectuating Plaintiff's arrest.

      **B.**    **Federal Constitutional Claims Against Trooper Parker and Sergeant Bara in their individual capacities**

State Defendants argue that Plaintiff fails to state a claim against Trooper Parker and Sergeant Bara. (Defs.' Moving Br. 17, ECF No. 4-1.) In her Amended Complaint, Plaintiff alleges that she suffered damages as a result of State Defendants' wrongful actions. (Am. Compl. ¶ 22.) The Amended Complaint, however, is void of factual allegations with respect to specific conduct associated with Trooper Parker and Sergeant Bara. (*See id.* ¶¶ 14-22.) Notably, Trooper Parker and Sergeant Bara are only identified as named parties in the Amended Complaint. (*Id.* ¶¶ 9-10.) The Court, therefore, concludes that Plaintiff fails to plead sufficient facts to demonstrate with any degree of plausibility that Trooper Parker and Sergeant Bara violated her constitutional rights. Accordingly, the Court dismisses without prejudice Count One against Trooper Parker and Sergeant Bara in their individual capacities.

      **C.**    **Federal Constitutional Claims Against New Jersey State Police and Colonel Fuentes, Trooper Clark, Trooper Cox, Trooper Parker, and Sergeant Bara in their official capacities**

Plaintiff alleges federal constitutional claims against the NJSP and Colonel Fuentes, Trooper Clark, Trooper Cox, Trooper Parker, and Sergeant Bara in their official capacities, pursuant to 42 U.S.C. § 1983. (Am. Compl. ¶ 34.) State Defendants argue that the Amended Complaint should be dismissed because Count One of the Amended Complaint is barred by the

Eleventh Amendment, arguing that state agencies and state employees in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983. (Defs.' Moving Br. 6.) Section 1983 "provides a remedy for the violation of rights created by federal law." *Groman*, 47 F.3d at 633. To state a Section 1983 claim, a plaintiff "must show that the alleged deprivation was committed by a *person* acting under color of state law." *West*, 487 U.S. at 48 (emphasis added).

Here, Plaintiff fails to plead sufficient facts to state a claim against the NJSP, Colonel Fuentes, Trooper Clark, Trooper Cox, Trooper Parker, and Sergeant Bara in their official capacities. Neither a state, nor its officials are "persons" for the purposes of Section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Dorsett v. N.J. State Police*, No. 04-5652, 2007 WL 556890, at *2-3 (D.N.J. Feb. 15, 2007). Further, "[i]t is well settled that the [NJSP] is an arm of the state and thus not a person within the meaning of [Section] 1983." *Gonzalez v. Bobal*, No. 13-1148, 2015 WL 1469776, at *3 (D.N.J. Mar. 30, 2015). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State . . . .The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will*, 491 U.S. at 66. Because immunity has not been waived here, and neither states nor their officials are subject to liability under Section 1983, Plaintiff's constitutional claims against the NJSP and Colonel Fuentes, Trooper Clark, Trooper Cox, Trooper Parker, and Sergeant Bara in their official capacities are dismissed with prejudice.

D.   **State Constitutional Claims under NJCRA**

Plaintiff alleges state constitutional claims under the NJCRA. (Am. Compl. ¶¶ 35-38.) As discussed above, Plaintiff pleads sufficient facts to state a Section 1983 excessive force claim with respect to Trooper Clark and Trooper Cox.[5] The NJCRA was modeled after Section 1983, and

---

[5] *See supra* Section III.A.2.

9

"courts in New Jersey have consistently looked at claims under the NJCRA 'through the lens of [Section] 1983[,]'" thereby construing the NJCRA in terms similar to its federal counterpart. *Samoles v. Lacey Twp.*, No. 12-3066, 2014 WL 2602251, at *15 (D.N.J. June 11, 2014) (citation omitted). The Court, therefore, concludes that Plaintiff has also adequately stated a claim under the NJCRA against Trooper Clark and Trooper Cox.

### IV.   Conclusion

For the reasons set forth above, the Court denies State Defendants' motion to dismiss with respect to Counts One and Two against Defendants Trooper Clark and Trooper Cox in their individual capacities. All Counts against Defendants NJSP and Colonel Fuentes, Trooper Clark, Trooper Cox, Trooper Parker, and Sergeant Bara in their official capacities are dismissed with prejudice. Counts One and Two against Defendants Trooper Parker and Sergeant Bara in their individual capacities are dismissed without prejudice. The Court also denies State Defendants' alternative motion for a more definite statement as moot. An order consistent with this Memorandum Opinion will be entered.

                                                    s/ Michael A. Shipp
                                                   MICHAEL A. SHIPP
                                                   UNITED STATES DISTRICT JUDGE

**Dated:** July 26, 2017